**SMART TECHNOLOGIES ULC, Plaintiff,**

v.

**RAPT TOUCH IRELAND LTD, et al., Defendants.**

**Case No. 16-cv-03531-VC**

United States District Court, N.D. California.

Signed 07/15/2016

Amol Parikh, James John Kritsas, Michael Paul Chu, McDermott Will Emery LLP, Chicago, IL, Teri H.P. Nguyen, Fabio Elia Marino, McDermott Will & Emery, LLP, Menlo Park, CA, for Plaintiff.

Patrick Eugene Premo, Fenwick & West LLP, Mountain View, CA, Hailey Coltra Teton, Fenwick and West LLP, San Francisco, CA, Jeffrey Allen Ware, Stefan Jan Szpajda, Fenwick & West LLP, Seattle, WA, for Defendants.

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

VINCE CHHABRIA, United States District Judge

SMART's application for a temporary restraining order is denied. A federal court's issuance of emergency relief is a matter of discretion, and an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *see id.* at 24, 129 S.Ct. 365; *Standard Innovation Corp. v. Lelo (Shanghai) Trad-*

*ing Co.*, No. 15–cv–04858–BLF, 2015 WL 6828317, at *1 (N.D.Cal. Nov. 6, 2015). SMART has not shown an urgent need for a federal court to exercise its discretion to award interim relief.

■ The contract underlying this dispute contains an arbitration provision that the parties agree applies here. It's true that, notwithstanding the arbitration provision, the contract allows the parties to seek emergency relief from a court in certain limited circumstances. But as SMART's lawyer admitted at the hearing on the TRO application, the arbitration rules allow SMART to request emergency relief from an arbitrator as well. Under those rules, an emergency arbitrator would be assigned within a day, and a schedule would be set for considering the application for relief within a handful of days. The rules also allow for procedures (such as giving notice to the opposing party by email, and the use of video conferencing instead of in-person hearings) that are not necessarily available in court.

With the parties having agreed that their underlying dispute should be arbitrated, SMART has offered no explanation for why a federal court (rather than an arbitrator) should adjudicate the request for emergency relief. Indeed, the only justification SMART's lawyer gave at the hearing for asking a federal court rather than an arbitrator to dive into this dispute at the preliminary stage was his belief that a federal court would be more likely to issue a TRO *automatically*. Even if that were true (and it certainly shouldn't be), it would not be a good reason for a federal court to get involved in a dispute whose merits both parties agree should be arbitrated.

Accordingly, the Court declines to exercise its discretion to issue preliminary relief. *Cf. ADESA, Inc., v. Berkowitz*, No. 14-cv-04022-VC, Dkt. No. 47, at 3 (N.D. Cal.

Jan. 21, 2015). In light of this ruling, the case should presumably be dismissed without prejudice. If SMART agrees, it should file a voluntary dismissal no later than Monday, July 18, 2016. If SMART disagrees, it should submit a brief of no more than five pages by that same date explaining why it believes the case should not be dismissed.

**IT IS SO ORDERED.**